UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

METHUSELAH TREE, LLC,
ROBERT ROSS, RLR ENTERPRISES,
BRIAN BENNETT, AND HENRY IRVIN
INVESTMENTS, LLC,

                Defendants.

C.A. No.: 2:24-cv-00204-JAW

## DEFENDANT METHUSELAH TREE, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Methuselah Tree, LLC ("Methuselah") responds to the Complaint of the Plaintiff as follows:

### INTRODUCTORY PARAGRAPH

The Paragraph of the Complaint preceding Paragraph 1 is an introductory paragraph to which no response is required. To the extent that a response is required, Methuselah denies the allegations in the introductory paragraph.

### JURISDICTION AND VENUE

1.      In response to the allegations set forth in Paragraph 1 of the Complaint, Methuselah states that it contains conclusions of law, as to which no responsive pleading is required. To the extent that a responsive pleading by Methuselah to Paragraph 1 is required, Methuselah denies the allegations set forth in Paragraph 1 of the Complaint.

2.      In response to the allegations set forth in Paragraph 2 of the Complaint, Methuselah states that it contains conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading by Methuselah to Paragraph 2 is required, Methuselah denies the allegations set forth in Paragraph 2 of the Complaint.

## PARTIES AND SUBJECT PROPERTY

3.      On information and belief, Methuselah admits the allegations set forth in Paragraph 3 of the Complaint.

4.      In response to the allegations set forth in Paragraph 4 of the Complaint, Methuselah states that it is a limited liability corporation organized and existing under the laws of the state of Maine and otherwise denies the allegations set forth in Paragraph 4 of the Complaint.

5.      Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and so denies the allegations set forth in Paragraph 5 of the Complaint.

6.      Methuselah denies the allegations set forth in Paragraph 6 of the Complaint.

7.      In response to the allegations set forth in the first sentence of Paragraph 7 of the Complaint, Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 7 of the Complaint and so denies the allegations set forth in the first sentence of Paragraph 7 of the Complaint. In response to the allegations set forth in the second sentence of Paragraph 7 of the Complaint, Methuselah states that the Complaint speaks for itself and that no responsive pleading by Methuselah is required.

8.      Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and so denies the allegations set forth in Paragraph 8 of the Complaint.

9.      In response to the allegations set forth in Paragraph 9 of the Complaint, Methuselah states that it contains conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading by Methuselah to Paragraph 9 is required, Methuselah denies the allegations set forth in Paragraph 9 of the Complaint.

10.      Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and so denies the allegations set forth in Paragraph 10 of the Complaint.

11.      In response to the allegations set forth in the first sentence of Paragraph 11 of the Complaint, Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 11 of the Complaint and so denies the allegations set forth in the first sentence of Paragraph 11 of the Complaint. Answering further, Methuselah states that Ms. Debrienza moved out of Subject Property 1 sometime in June 2020. In response to the allegations set forth in the second sentence of Paragraph 11 of the Complaint, Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 11 of the Complaint and so denies the allegations set forth in the second sentence of Paragraph 11 of the Complaint.

## ALLEGATIONS REGARDING DEFENDANTS'
## SEXUAL HARASSMENT OF MS. DEBRIENZA

### Ms. Debrienza's tenancies at the Subject Properties

12.     Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and so denies the allegations set forth in Paragraph 12 of the Complaint.

13.     In response to the allegations set forth in Paragraph 13 of the Complaint, Methuselah states that it contains conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading by Methuselah to Paragraph 13 is required, Methuselah states that it did enter into an agreement with Cedar River LLC concerning Subject Property 1, and that any such agreement speaks for itself.  Methuselah otherwise denies the allegations set forth in Paragraph 13 of the Complaint.

14.     In response to the allegations set forth in Paragraph 14 of the Complaint, Methuselah states that it contains conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading by Methuselah to Paragraph 14 is required, Methuselah states that Paragraph 14 refers to a document that speaks for itself, and otherwise denies the allegations set forth in Paragraph 14 of the Complaint.

15.     In response to the allegations set forth in Paragraph 15 of the Complaint, Methuselah states that Paragraph 15 refers to a document that speaks for itself.  Methuselah denies the allegations set forth in Paragraph 15 of the Complaint to the extent that they are inconsistent with the document.

16.     Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.  Answering further,

Methuselah, on information and belief, states that in June 2020 Ms. Debrienza and her family moved out of Subject Property 1.

17.     In response to the allegations set forth in Paragraph 17 of the Complaint, Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.  Answering further, Methuselah, on information and belief, states that in June 2020 Ms. Debrienza and her family moved out of Subject Property 1.

**Ms. Debrienza's allegations of sexual harassment**

18.     In response to the allegations set forth in Paragraph 18 of the Complaint, Methuselah states that that portion of Paragraph 18 contains conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading by Methuselah to Paragraph 18 is required, Methuselah states that any agreement between Methuselah and RLR is a document that speaks for itself. Otherwise, Methuselah is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 18 of the Complaint and so denies the remainder of the allegations set forth in Paragraph 18 of the Complaint.

19.     Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and so denies the allegations set forth in Paragraph 19 of the Complaint.

20.     Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and so denies the allegations set forth in Paragraph 20 of the Complaint.

21.     Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and so denies the allegations set forth in Paragraph 21 of the Complaint.

22.     Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and so denies the allegations set forth in Paragraph 22 of the Complaint.

23.     Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint and so denies the allegations set forth in Paragraph 23 of the Complaint.

24.     Methuselah states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint and so denies the allegations set forth in Paragraph 24 of the Complaint.

25.     Methuselah states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint and so denies the allegations set forth in Paragraph 25 of the Complaint.

26.     Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint and so denies the allegations set forth in Paragraph 26 of the Complaint.

27.     In response to the allegations set forth in Paragraph 27 of the Complaint, Methuselah states that the allegations set forth in Paragraph 27 of the Complaint refer to documents that best speak for themselves and otherwise denies the allegations set forth in Paragraph 27 of the Complaint.

28.     In response to the allegations set forth in Paragraph 28 of the Complaint, Methuselah states that the allegations set forth in Paragraph 28 of the Complaint refer to documents that best speak for themselves and otherwise denies the allegations set forth in Paragraph 28 of the Complaint.

29.     Methuselah states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint and so denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Methuselah states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint and so denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint and so denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint and so denies the allegations set forth in Paragraph 32 of the Complaint.

33.     Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint and so denies the allegations set forth in Paragraph 33 of the Complaint.

34.     Methuselah states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint and so denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint and so denies the allegations set forth in Paragraph 35 of the Complaint.

36.     Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint and so denies the allegations set forth in Paragraph 36 of the Complaint.

## HUD ADMINISTRATIVE PROCESS

37.     In response to the allegations set forth in Paragraph 37 of the Complaint, Methuselah states that it contains conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading by Methuselah to Paragraph 37 is required, Methuselah states, upon information and belief, that a complaint alleging housing discrimination was filed with HUD and otherwise denies the allegations set forth in Paragraph 37 of the Complaint.

38.     In response to the allegations set forth in Paragraph 38 of the Complaint, Methuselah states that it contains conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading by Methuselah to Paragraph 38 is required, Methuselah states that it provided documents to HUD in response to inquiries, that HUD refused to provide any information it received from others to Methuselah, including documents referenced in Plaintiff's Complaint, to permit Methuselah to make any evaluation of the matter for purposes of conciliation, and otherwise denies the allegations set forth in Paragraph 38 of the Complaint.

39.     In response to the allegations set forth in Paragraph 39 of the Complaint, Methuselah states that it contains conclusions of law, as to which no responsive pleading is

required.  To the extent that a responsive pleading by Methuselah to Paragraph 39 is required, Methuselah states, upon information and belief, that HUD issued a charge of discrimination against Defendants on or about April 11, 2024 and otherwise denies the allegations set forth in Paragraph 39 of the Complaint.

40.     Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint and so denies the allegations set forth in Paragraph 40 of the Complaint.

41.     On information and belief, Methuselah admits the allegations set forth in Paragraph 41 of the Complaint.

42.     In response to the allegations set forth in Paragraph 42 of the Complaint, Methuselah states that it contains conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading by Methuselah to Paragraph 42 is required, Methuselah is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint, and so denies the allegations set forth in Paragraph 42 of the Complaint.

**CLAIM FOR RELIEF: [ALLEGED] VIOLATION OF THE FAIR HOUSING ACT**

43.     Methuselah re-alleges and incorporates by reference the responses set forth above.

44.     In response to the allegations set forth in Paragraph 44 of the Complaint, including sub paragraphs a, b, c, and d, Methuselah states that it contains conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading by Methuselah to Paragraph 44, including sub paragraphs a, b, c, and d, is required, Methuselah

denies the allegations set forth in Paragraph 44, including sub paragraphs a, b, c, and d, of the Complaint.

45.     In response to the allegations set forth in Paragraph 45 of the Complaint, Methuselah states that it contains conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading by Methuselah to Paragraph 45 is required, Methuselah denies the allegations set forth in Paragraph 45 of the Complaint.

46.     In response to the allegations set forth in Paragraph 46 of the Complaint, Methuselah states that it contains conclusions of law, as to which no responsive pleading is required.  Methuselah further states that Paragraph 46 of the Complaint contains no allegations that pertain to Methuselah, so that no response by Methuselah to Paragraph 46 is required.  To the extent that a responsive pleading by Methuselah to Paragraph 46 is required, Methuselah denies the allegations set forth in Paragraph 46 of the Complaint.

47.     In response to the allegations set forth in Paragraph 47 of the Complaint, Methuselah states that it contains conclusions of law, as to which no responsive pleading is required.  Methuselah further states that Paragraph 47 of the Complaint contains no allegations that pertain to Methuselah, so that no response by Methuselah to Paragraph 47 is required.  To the extent that a responsive pleading by Methuselah to Paragraph 47 is required, Methuselah denies the allegations set forth in Paragraph 47 of the Complaint.

48.     In response to the allegations set forth in Paragraph 48 of the Complaint, Methuselah states that it contains conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading by Methuselah to Paragraph 48 is required, Methuselah denies the allegations set forth in Paragraph 48 of the Complaint.

49.     In response to the allegations set forth in Paragraph 49 of the Complaint, Methuselah states that it contains conclusions of law, as to which no responsive pleading is required.  To the extent that a responsive pleading by Methuselah to Paragraph 49 is required, Methuselah denies the allegations set forth in Paragraph 49 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails because Ms. Debrienza failed to timely exhaust her administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Methuselah denies that it is liable or indebted to Plaintiff or Ms. Debrienza in any way or manner.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the failure of Ms. Debrienza to sufficiently mitigate her damages.

### SIXTH AFFIRMATIVE DEFENSE

Methuselah had no duty, responsibility, or obligation for one or more of the locations at which Ms. Debrienza claims to have been discriminated against during the period when Ms. Debrienza alleges that she suffered the discrimination.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to establish a prima facie case of sex discrimination.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

None of the alleged losses suffered by Plaintiff and/or Ms. Debrienza were the result of any acts or omissions of Methuselah.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Methuselah did not control the acts of Defendant Ross or Defendant Bennett and had no intent to benefit from them.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Defendant Ross was not Methuselah's agent and Methuselah cannot be held liable for his actions.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Defendant Bennett was not Methuselah's agent and Methuselah cannot be held liable for his actions.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

To the extent that said doctrines apply, Plaintiff and/or Ms. Debrienza are barred from recovery by the doctrines of unclean hands, laches, waiver, failure to join a necessary party and/or estoppel.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

The claim for punitive damages against Methuselah is barred because Methuselah did not know of or ratify any discriminatory conduct or sexual harassment.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

The claim for punitive damages is barred because the alleged conduct of Methuselah was not willful, intentional, malicious, or reckless.

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims against Methuselah based on any act occurring after Ms. Debrienza was induced to relocate to Subject Property 2 and terminate of her tenancy with Methuselah are barred because neither Defendant Ross nor Defendant Bennett were acting as the agents of Methuselah.

<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

The Complaint does not describe the subject claims with sufficient particularity to enable Methuselah to determine all of the grounds for its defense.  Methuselah therefore reserves its rights to assert any additional grounds for its defense that may become available once the precise nature of the claims of Plaintiff is ascertained.

WHEREFORE, Defendant Methuselah Tree, LLC, requests that this Court:

1.    dismiss Plaintiff's Complaint with prejudice;

2.    enter judgement in favor of Methuselah and against Plaintiff;

3.    award Methuselah its costs and expenses, including its attorneys' fees; and

4.    grant such other and further relief as this Court deems proper and just.

<u>JURY DEMAND</u>

Defendant Methuselah Tree, LLC hereby demands a trial by jury on all counts and issues so triable in Plaintiff's Complaint.

Dated: August 12, 2024

Respectfully submitted,

METHUSELAH TREE, LLC
By its Attorneys

/s/ *Mark V. Franco*
Mark V. Franco
Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME 04101
Telephone: (800) 727-1941
Fax: (207) 772-3627
MFranco@dwmlaw.com


Richard A. Sawin, Jr.,
(*Pro hac vice application to be filed*)
WHITE AND WILLIAMS LLP
101 Arch Street, Suite 1930
Boston, MA 02110-1103
Telephone: (617) 748-5200
Fax: (617) 748-5201
sawinr@whiteandwilliams.com


## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 12th day of August 2024.

_____