UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| and | ) ) |
| DESEREA DEBRIENZA, | ) ) |
| Intervenor Plaintiff, | ) ) |
| v. | ) 2:24-cv-00204-JAW |
| METHUSELAH TREE, LLC, et al. | ) ) ) |
| Defendants. | ) |

**CONSENT DECREE**

Consistent with the Order on Joint Motion for Consent Decree, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. The provisions of this Consent Decree shall apply to Methuselah Tree, LLC (Methuselah) and its officers, agents, employees, and all other persons or entities in active concert or participation with it, except that they do not apply to Robert Ross, Brian Bennett, RLR Enterprises, LLC, and Henry Irvin Investments, LLC.

2. This Consent Decree is effective immediately upon its entry by the Court. For purposes of this Consent Decree, the phrases "entry of the Consent Decree" and "effective date" shall refer to the date on which the Court enters the Consent Decree.

3. For the term of this Consent Decree, in the event that Methuselah re-enters the business of owning, operating, or managing rental properties, Methuselah shall notify the Department of Justice within fifteen (15) days of re-entering the business of owning, operating, or managing rental properties.[1] Specifically, Methuselah shall notify counsel for the United States of the nature of Methuselah's interest in the dwelling[2] or property, the address of the property, the number of individual dwelling units at the property, and any other information required under the Consent Decree. Methuselah shall further provide a copy of the documents memorializing the transfer of interest.

4. Methuselah and its officers, agents, employees, and all other persons or entities in active concert or participation with it, are enjoined, with respect to the rental of dwellings, from:

   a. Engaging in discrimination on the basis of sex in any aspect of the rental or lease of a dwelling;

   b. Engaging in discrimination on the basis of sex in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith;

---

[1] All documents or other communications required by this Consent Decree to be sent to counsel for the United States shall be sent by commercial (non-USPS) overnight delivery services addressed as follows: United States Attorney's Office, District of Maine, 100 Middle Street, East Tower, 6th Floor, Portland, Maine 04101, Attn: DJ 175-34-42, or as otherwise directed by the United States.

[2] The term "dwelling" has the meaning set out in the Fair Housing Act, 42 U.S.C. § 3602(b).

    c.    Making, printing, or publishing, or causing to be made, printed, or published, any notice, statement, or advertisement with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on sex;

    d.    Coercing, intimidating, threatening, or interfering with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by the Fair Housing Act; or

    e.    Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future.

5.    Methuselah is permanently enjoined from hiring, retaining, or otherwise using or relying on RLR, Robert Ross, and/or Brian Bennett for any purpose, whether or not for compensation, related to the management, operation, or maintenance of rental properties, including but not limited to property management responsibilities.

6.    Methuselah will pay monetary damages in the total amount of $35,000 to Deserea Debrienza. Payment shall be made in the form of a check and delivered to counsel for Deserea Debrienza, by overnight delivery, within fifteen (15) days of entry of this Consent Decree.

7. As a prerequisite to receiving any payment, Deserea Debrienza shall complete, execute, and deliver to counsel for Methuselah a W-9 form and a release in a form previously negotiated. Such release shall state that Deserea Debrienza does not release any claims she might have against RLR, Henry Irvin, Robert Ross, or Brian Bennett.

8. The monetary damages required to be paid under Paragraph 6 are a debt within the meaning of 11 U.S.C. § 523(a)(6). Accordingly, Methuselah will not seek to discharge any part of this debt in bankruptcy.

9. Consistent with *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375 (1994), the Court shall retain jurisdiction for the duration of this Consent Decree to enforce its terms, after which time the United States' claims against Methuselah shall be dismissed with prejudice. The Consent Decree shall be in effect for a period of three (3) years from the date of its entry. The United States may move the Court to extend the duration of the Consent Decree in the event of noncompliance, whether intentional or not, with any of its terms, or if it believes the interests of justice so require.

10. The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution. In the event, however, that the United States contends that

there has been a failure by Methuselah, whether willful or otherwise, to perform in a timely manner any act required by this Consent Decree or to otherwise act in conformance with any provision thereof, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been formed, and an award of damages, costs, and reasonable attorney's fees which may have been occasioned by the violation or failure to perform.

11. Any time limits for performance imposed by this Consent Decree may be extended by mutual written agreement of the parties. The other provisions of this Consent Decree may be modified only by motion to the Court.

12. Except as otherwise provided in Paragraph 10, the parties will each bear their own costs and attorney's fees associated with this litigation.

SO ORDERED.

                /s/ John A. Woodcock, Jr.
                JOHN A. WOODCOCK, JR.
                UNITED STATES DISTRICT JUDGE

Dated this 16th day of July, 2025